IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AOAO OF KUHIO SHORES AT POIPU,<br><br>           Plaintiff,<br><br>     vs.<br><br>PACIFIC RIM PROPERTY SERVICE CORPORATION, et al.,<br><br>           Defendants. | CIV. NO. 25-00163 JAO-KJM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND (ECF NO. 44) AND DENYING AS MOOT OTHER PENDING MOTIONS (ECF NOS. 35, 39, 49, 50, 52–54) |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND (ECF NO. 44) AND DENYING AS MOOT OTHER PENDING MOTIONS (ECF NOS. 35, 39, 49, 50, 52–54)**

Before the Court are Magistrate Judge Mansfield's Findings and Recommendation to Grant Plaintiff AOAO's Motion for Remand ("F&R"), ECF No. 44, and Defendant William H. Gilliam's Objection to Magistrates [sic] Recommendation ("Objection"), ECF No. 48. For the following reasons, the Court rejects the Objection and ADOPTS the F&R. The Court further DENIES the remaining pending motions as MOOT.

## I.     BACKGROUND

This case arises from Defendant Pacific Rim Property Service Corporation's ("Pacific Rim") alleged failure to pay certain fees owed to Plaintiff Association of

Apartment Owners of Kuhio Shores at Poipu ("Plaintiff") in connection with a condominium located on Kaua'i (the "Property").

In 1985, American Trust Co. of Hawaii, Inc. owned the Property, *see* ECF No. 1-1, which Defendant William H. Gilliam ("Gilliam") claims was held in trust for the benefit of his ERISA-covered pension plan, *see* ECF No. 34-1 at 1–2. Plaintiff contends, however, that in 1994, American Trust transferred the Property to Pacific Rim, which was solely owned by Gilliam's mother and dissolved upon her death in 2009. ECF No. 20-1 at 7–8. Because the Property continued to be owned by the dissolved Pacific Rim, the Property fell into financial arrears. *Id.* Plaintiff alleges that, during this time, Gilliam occupied the Property and rented it out for his own benefit. *Id.*

In 2016, Plaintiff initiated the instant foreclosure action in the Circuit Court of the Fifth Circuit, State of Hawai'i ("state trial court"). *See* ECF No. 20-4. The State Court eventually ordered the Property sold, ECF No. 15-9 at 2, and Gilliam and his belongings removed from the Property, ECF No. 20-5 at 3. On appeal, the State of Hawaii Intermediate Court of Appeals ("ICA") remanded the case to the state trial court to correct certain deficiencies. *See Ass'n of Apartment Owners of Kuhio Shores at Poipu v. Pac. Rim Prop. Serv. Corp.*, 154 Hawai'i 108, 546 P.3d 1222 (Ct. App. 2024). On remand and pursuant to the ICA's decision, Plaintiff filed a First Amended Complaint in November 2024. ECF No. 15-3. On April 21,

2025, Gilliam removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1.

A month later, Plaintiff filed its Motion for Remand. *See* ECF No. 20. On June 27, Magistrate Judge Mansfield issued the F&R granting Plaintiff's Motion for Remand. ECF No. 44. Gilliam objected to the F&R, ECF No. 48, and Plaintiff responded, ECF No. 51. The Court decides this matter without a hearing. *See* LR7.1(d).

## II. LEGAL STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

### III. DISCUSSION

Defendant Gilliam's Objection is difficult to understand, but as he's proceeding pro se, the Court construes it liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). First, Plaintiff argues that Judge Mansfield "without a pleading asserting a de facto corporation, nor an iota of a fact in the record, speculates that there was a de facto corporation to accept and take delivery of a conveyance document." *See* ECF No. 48 at 1. But Gilliam misconstrues Judge Mansfield's F&R, which specifically states that "[t]he Court need not specifically address whether a real property conveyance to a de facto corporation is valid" in order to remand the case to state court. Gilliam further claims that Judge Mansfield erroneously "describes this [action] as a foreclosure," *see* ECF No. 48 at 2, but this Court, reviewing de novo, finds no error in that characterization. *See* ECF No. 15-13 (Plaintiff's First Amended Complaint for Foreclosure).

Gilliam then seemingly contends that Judge Mansfield wrongly concluded that this Court lacks jurisdiction over this action because it "falls squarely within the embrace of ERISA's preemptive remedial provisions—namely, Section 1132(a)(3)(B)." *See* ECF No. 51 at 11. Not so.

Generally, "a defendant may not remove a case [lacking diversity of citizenship] to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *See Franchise Tax Bd. of State of Cal. v. Constr.*

*Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983) (internal quotation marks and emphasis omitted).  An exception exists, however, when a federal statute, such as ERISA § 502(a), 29 U.S.C. § 1132(a), "wholly displaces the state-law cause of action through complete pre-emption."  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004).

      The Supreme Court in *Davila* adopted a two-part test for determining whether ERISA completely preempts a state law claim.  "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'"  *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 94, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210).  Although *Davila* only discussed complete preemption regarding § 502(a)(1)(B), "[t]he complete preemption doctrine applies to the other subparts of § 502(a) as well."  *See Poffenbarger v. Hawaii Mgmt. All. Ass'n*, 892 F. Supp. 2d 1288, 1295 (D. Haw. 2012).

      Regarding the first prong, § 502(a)(3)(B) allows a participant or beneficiary of a "plan" under ERISA to bring a civil action to obtain equitable relief to redress violations of the plan or enforce any provision of the plan.  *See* 29 U.S.C. § 1132(a)(3)(B).  But Plaintiff's foreclosure action has nothing to do with the enforcement of ERISA's provisions, and so Plaintiff could not have initiated this

5

action under ERISA.  ERISA thus does not preempt this state law action.  *See Marin*, 581 F.3d at 947 ("The two-prong test of *Davila* is in the conjunctive.  A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied.").  Because the action does not otherwise arise under federal law, this Court lacks federal question jurisdiction,[1] and removal was improper.

Finally, because the Court remands the case to state court, the Court DENIES the other pending motions (ECF Nos. 35, 39, 49, 50, 52–54) as MOOT.  *See, e.g., Malek v. Blackmer Pump Co.*, 2015 WL 13916240, at *5 (C.D. Cal. July 24, 2015) ("Because this action is remanded to state court, all other pending motions are DENIED AS MOOT.").

### IV.   CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Court rejects Defendant Gilliam's Objection (ECF No. 48), ADOPTS the F&R (ECF No. 44), and GRANTS Plaintiff's Motion for Remand (ECF No. 20).

2. The Court DENIES all other pending motions (ECF Nos. 35, 39, 49, 50, 52–54) as MOOT.

---

[1] Gilliam does not appear to remove based on diversity jurisdiction, which likely does not exist.  *See* ECF No. 15-13 ¶¶ 1–2; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that removal jurisdiction based on diversity jurisdiction "requires complete diversity of citizenship").

3. The Clerk of Court is directed to close the case file and terminate the case.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaiʻi, August 8, 2025.



Jill A. Otake
United States District Judge

CIV. NO. 25-00163 JAO-KJM, *AOAO of Kuhio Shores at Poipu v. Pacific Rim Property Service Corporation, et al.*; Order Adopting Findings and Recommendation to Grant Plaintiff's Motion for Remand (ECF No. 44) and Denying as Moot Other Pending Motions (ECF Nos. 35, 39, 49, 50, 52–54)